SUCCESSION OF C. PASQUIER—Opposition of AUGUSTE VOINCHÉ to Tableau of Distribution.

Where the relevancy or competency of the evidence offered by a party on the trial of a cause cannot be judged of without knowing the purpose for which it was offered, and it does not appear by the bill of exceptions to the rejection of the evidence, that the party offering it was prejudiced by its rejection, the action of the lower court will not be reversed.

Where the evidence offered is apparently foreign to the case, the party offering it must show that it would be rendered material by other evidence which he undertook to produce.

APPEAL from the Second District Court of New Orleans, *Morgan*, J.

*R. & H. Marr* and *Clark & Bayne*, for the curator, appellant. *Budd & Lambert*, for opponent and appellee.

SPOFFORD, J. This appeal presents only questions concerning the admissibility of certain evidence which the District Judge excluded, on the ground of irrelevancy to the matter in dispute.

To induce us to reverse the action of a District Judge in such a case, the appellant should show, by his bill of exceptions or by the record in the cause, that he was prejudiced by the ruling. Here there is no such showing. The appellant did not suggest that the rejected evidence would tend to exonerate the succession from liability to *Voinché* upon the notes, which formed the basis of his opposition. Although it be true that no replication to, or joinder of issue with the opponent is required in our practice, still the curator who refuses to acknowledge a claim against the succession, which is put in suit by way of opposition to his tableau, should at least disclose the purpose for which he offers evidence on the trial of the opposition ; that purpose being stated, the court then can judge of the relevancy or competency of the evidence; without such a statement, the time of our courts of the first instance might be waisted in vain inquiries into collateral or even foreign matters, to the detriment of suitors and the delay of justice. Because counsel fancy that they may perhaps elicit something that will touch the case, they are not to be permitted to offer evidence which has no *prima facie* bearing upon it, and which they do not link with it by a statement of what they are prepared to prove. The true rule, we conceive, has been laid down by Greenleaf in his treatise on the law of evidence, vol. 1, sec. 51. It is not necessary that the relevancy of evidence should appear at the time when it is offered ; it being the usual course to receive, at any proper and convenient stage of the trial, in the discretion of the Judge, "*any evidence which the counsel shows will be rendered material by other evidence, which he undertakes to produce.*"

The appellant here did not pretend to have it in his power to show that the notes held by the opponent *Voinché* against *Pasquier's succession*, or either of them, embraced any part of the opponent's claims, already allowed on the former tableau. Therefore, the evidence adduced on the trial of other issues with other parties, and the explanation of *Pasquier's* books touching an account heretofore adjusted, were, so far as appeared, irrelevent to this case. And the appellant's counsel, when he proffered evidence thus apparently foreign to the case, did not show that it would be rendered material by other evidence which he undertook to produce.

Judgment affirmed.